IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harry Newlest Charles, II, #268775, ) | C/A No. 8:15-4188-MBS-JDA |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ~~Florence County~~, Warden of Manning Pre-Release Center, ) | |
| Respondent. ) | |

     Harry Newlest Charles, II ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. At the time he filed the action, Petitioner was a prisoner committed to the South Carolina Department of Corrections ("SCDC") incarcerated at Manning Pre-Release Center. He seeks to overturn his state criminal conviction. The Petition is subject to summary dismissal.

## BACKGROUND

     Petitioner filed this § 2254 habeas action on or about October 9, 2015, while he was incarcerated at the Manning Pre-Release Center. [Doc. 1.] He seeks to vacate his 2000 state conviction of armed robbery and conspiracy entered in the Florence County Court of General Sessions. [*Id.*] His grounds for relief are: lack of probable cause; *Miranda* violation; lack of subject matter jurisdiction; and actual innocence. [*Id.*] He contends that he exhausted several of these grounds for relief in his state PCR action filed in 2010, which the Court of Common Pleas denied on June 4, 2012, and the South Carolina Supreme Court denied the petition for writ of certiorari on February 27, 2015. [*Id.*] He attaches copies of the 2012 and 2015 state court orders to his Petition. Petitioner requests immediate release from prison and exoneration of the criminal charges. [*Id.*]

On or about December 1, 2015, Petitioner was released from the Manning Pre-Release Center.[1] [Doc. 12.]

This Court takes judicial notice that in 2007 Petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this Court seeking to overturn the same state conviction.[2]  *See* Report and Recommendation, *Charles v. South Carolina*, C/A No. 2:07-573-DCN-RSC (D.S.C. July 25, 2007), ECF No. 27, *affirmed by*, Order (D.S.C. Aug. 13, 2007), ECF No. 30, *appeal dismissed by*, (4th Cir. Feb. 6, 2008), ECF No. 37.  This Court granted summary judgment to Respondent because the AEDPA one-year statute of limitations had expired. *Id.*

Also, this Court takes judicial notice that in 2010 Petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this Court seeking to overturn the same state conviction. *See* Report and Recommendation, *Charles v. Reed*, C/A No. 2:10-1801-MBS-JDA (D.S.C. July 29, 2010), ECF No. 8, *adopted by*, Order (D.S.C. Aug. 30, 2010), ECF No. 11.  This Court dismissed that action because it was an unauthorized successive § 2254 action because the first one was adjudicated on the merits.  *Id.*

---

[1] A person seeking § 2254 habeas relief must be in custody at the time his petition is filed, which includes physical confinement and parole.  *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012).

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This action qualifies as a second or successive § 2254 action because Petitioner's first § 2254 action filed in this Court in 2007 pertaining to the same conviction was decided on the merits.[3]  *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL

---

[3]Petitioner contends that this action is timely filed within the one-year statute of limitations. [Doc. 1.] And, as discussed above, it appears that the state court decided Petitioner's PCR action on the merits on June 5, 2012, and February 27, 2015. [*See* Doc. 1-1.] Even if Petitioner could argue that his deadline to file a federal habeas action was somehow extended or renewed, he still must seek authorization from the Court of Appeals to file a

4

1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action. That statute permits a court of appeals to determine whether to authorize a successive petition. Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it. *Id.*

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

December 10, 2015                                    S/Jacquelyn D. Austin
Greenville, South Carolina                      United States Magistrate Judge

---

second § 2254 action.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).